IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| C.H. ROBINSON COMPANY, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | EP-24-CV-00245-KC |
| J.R. PRODUCE AND FOOD SERVICE, INC.; DANIEL ENRIQUEZ HERNANDEZ; and MARCOS ENRIQUEZ HERNANDEZ, | § § § § § | |
| *Defendants*. | § § | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff C.H. Robinson Company, Inc.'s "Motion for Default Judgment Against All Defendants with Incorporated Memorandum in Support" ("Motion") (ECF No. 20), filed on November 27, 2024. United States District Judge Kathleen Cardone referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of Appendix C to the Local Rules of the Western District of Texas. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's motion be **GRANTED**.

### I.   BACKGROUND

Plaintiff sells "wholesale quantities of perishable agricultural commodities." Mot. 3, ECF No. 20. From August 2023 through October 2023, Plaintiff sold commodities consisting of mixed fruits and vegetables to Defendant J.R. Produce and Food Service, Inc. *Id.*; Compl. ¶ 9, ECF No. 1. Defendant J.R. Produce accepted the commodities but failed to pay for them. Compl. ¶¶ 11, 14. Daniel Enriquez Hernandez and Marcos Enriquez Hernandez ("individual Defendants") are

"owners, members, officers, directors, and/or at least 10% shareholders of J.R. Produce." *Id.* ¶ 6; Mot. 6.

Plaintiff filed a complaint with the United States Department of Agriculture ("USDA") in order to obtain payment from J.R. Produce. Compl. ¶ 41. The Secretary of the USDA issued an order granting Plaintiff $46,980.00 plus interest.[1] *Id.* ¶ 42; *see also* Compl. Ex. 3, ECF No. 1 (a copy of the order from the Secretary of the USDA). J.R. Produce was required to repay Plaintiff within 30 days of April 30, 2024, the date that the order was issued. Compl. Ex. 3, at 4. It failed to do so. Compl. ¶ 43. The Perishable Agricultural Commodities Act ("PACA") allows "the complainant, or any person for whose benefit [a reparations] order was made" to file suit in a district court of the United States to enforce a reparations order within three years of the date of the order. 7 U.S.C. § 499g(b). Plaintiff filed suit to enforce its order on July 16, 2024. *See* Compl.

All Defendants were served. *See* Affs. Service, ECF Nos. 14, 15, 16. Defendants had twenty-one days from service to answer. Fed. R. Civ. P. 12(a)(1)(A)(i). They did not timely answer. Plaintiff filed a request for entries of default against Defendants on October 24, 2024. *See* Pl.'s Req. Clerk's Entry Default Against All Defs., ECF No. 17. Entry of default against Defendants was filed on October 28, 2024. *See* Clerk's Entry Default Against All Defs., ECF No. 18. Plaintiff then filed the instant motion. Defendants have not responded to the motion for default judgment or otherwise appeared in this matter.

## II.   STANDARD

Federal Rule of Civil Procedure 55 governs entry of default and default judgment. In ruling on a motion for default judgment, courts generally analyze the following three issues: (1) the

---

[1] Plaintiff was given interest at a rate of 18.00% from November 1, 2023, until April 30, 2024, and a rate of 5.18% from May 1, 2024, until the amount was paid in full. Compl. Ex. 3, at 4.

procedural propriety of default judgment, (2) the substantive merits of the plaintiff's claims, and (3) the appropriate form of relief. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813–14 (N.D. Tex. 2015).

Procedurally, a defendant defaults if he or she fails to timely respond to the complaint. Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). When default is shown "by affidavit or otherwise," the clerk of the court "must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default, the plaintiff may seek an entry of default judgment. *Id.* 55(b). Default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). In deciding whether default judgment is procedurally proper, the court considers the following factors:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) ("*Lindsey* factors").

Next, as to the merits of a motion for default judgment, the court accepts the plaintiff's well-pleaded allegations as true, except regarding damages. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *U.S. for Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Default judgment is appropriate only if the pleadings provide a "sufficient basis" for the judgment. *Nishimatsu*, 515 F.2d at 1206. In other words, "a defendant's default does not in itself warrant the court in entering a default judgment. . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* Courts apply the

3

Federal Rule of Civil Procedure 8 standard[2] for the sufficient basis inquiry. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see also id.* n.3 ("Although most cases addressing Rule 8 arise in the context of a Rule 12(b)(6) motion to dismiss, . . . we decline to import Rule 12 standards into the default-judgment context.").

Finally, as to the appropriate form of relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The court may conduct a hearing on a default judgment motion, as needed, to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.* 55(b)(2). A hearing on damages is required "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Whether default judgment is granted is discretionary with the court. "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, the district court "has the discretion to decline to enter a default judgment." *Lindsey*, 161 F.3d at 893.

### III.   DISCUSSION

#### A. Court's Jurisdiction

The Court first confirms that it has jurisdiction to hear this matter. *See Sys. Pipe & Supply, Inc. v. M/V Victor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (cleaned

---

[2] Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

up)).  The Court has subject-matter jurisdiction over Plaintiff's claims under PACA because it is a federal statute.  *See* 28 U.S.C. § 1331.

There are two types of personal jurisdiction: general and specific.  *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017).  A state has general personal jurisdiction over a corporation if the corporation "is fairly regarded as at home" in the state.  *Id.* (citation omitted).  Generally, a corporation is "at home" only in its place of incorporation or principal place of business.  *Frank v. P.N.K. (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020).  Plaintiff states that Defendant J.R. Produce is a Texas corporation with its principal place of business in El Paso, Texas.  Compl. ¶ 5.  As a result, this Court can exercise general personal jurisdiction over Defendant J.R. Produce.

A court can exercise general personal jurisdiction over an individual where the individual is domiciled.  *Bristol-Myers Squibb Co.*, 582 U.S. at 262.  Plaintiff asserts that the individual Defendants are domiciled in the Western District of Texas.  Compl. ¶ 3.  Therefore, the Court can exercise general personal jurisdiction over the individual Defendants.

Defendants were properly served.  On October 11, 2024, Plaintiff filed a motion requesting an extension of time for service of process, stating that it was having difficulty finding addresses for and serving Defendants.  *See* Pl.'s Mot. Extension Time Perfect Service Process Defs., ECF No. 12.  The District Court gave Plaintiff until December 2, 2024, to serve Defendants.  *See* Order, ECF No. 13.  Plaintiff subsequently filed proof of service for all three Defendants, showing that they were served on October 1, 2024.  *See* Affs. Service, ECF Nos. 14, 15, 16.  A corporation can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).  Service of process on J.R. Produce was made by serving

Daniel Enriquez Hernandez, who Plaintiff asserts is an officer of J.R. Produce. Aff. Service, ECF No. 14; Compl. ¶ 6. Service may be carried out on an individual by delivering the summons and complaint to the individual personally or leaving a copy at the individual's dwelling with someone of suitable age and discretion who lives there. Fed. R. Civ. P. 4(e)(2). Daniel Enriquez Hernandez was personally served. Aff. Service, ECF No. 15. Marcos Enriquez Hernandez was served by leaving a copy of the summons and complaint at his dwelling with someone of suitable age and discretion who lived there (in this case, Daniel Enriquez Hernandez). Aff. Service, ECF No. 16.

### B. Procedural Propriety

Default judgment against Defendants is procedurally appropriate. There are no material issues of fact at issue in the case, given that Defendants defaulted and filed no responsive pleadings. *See Cunningham v. Greenstar Cap. Sols., LLC*, No. 4:18-CV-000161-ALM-CAN, 2018 WL 4572711, at *3 (E.D. Tex. Aug. 1, 2018) ("[W]hen a defendant defaults, he admits to the plaintiff's well-pleaded allegations of fact, and therefore, there are no material issues of fact." (citation omitted)), *report and recommendation adopted*, No. 4:18-CV-161, 2018 WL 4567706 (E.D. Tex. Sept. 24, 2018). Plaintiff has been prejudiced and will continue to be prejudiced by the delay in this case due to Defendants' failure to timely answer and defend the case. The grounds for default are clearly established. As discussed, Defendants failed to timely respond to Plaintiff's complaint, Plaintiff moved for default, and the Clerk of the Court entered default against Defendants. There is no evidence that Defendants' default was caused by a good-faith mistake or excusable neglect. Default judgment against Defendants would not be unduly harsh, given that Defendants have been given notice and opportunity to respond to this action. Lastly, there is not any basis on which a court would think itself obliged to set aside Defendants' default. Thus, all the *Lindsey* factors are satisfied.

C.  **Substantive Merits**

1.  <u>J.R. Produce</u>

Plaintiff seeks relief against J.R. Produce under PACA.  Mot. 3.  Specifically, "Plaintiff brings this suit against Defendants based on their non-compliance with an order of the Secretary of Agriculture."  *Id.* at 4.

"In 1930, Congress enacted PACA to regulate the sale of perishable agricultural commodities in interstate commerce."  *Sunterra Distrib., LLC v. Castros Distrib. LLC*, No. 3:18-CV-2783-S, 2019 WL 4418320, at *4 (N.D. Tex. Aug. 22, 2019) (quoting *Paisano Cap. SA de CV v. 23 Tex. Produce, Inc.*, No. 3:19-CV-0852-B, 2019 WL 3239152, at *3 (N.D. Tex. July 18, 2019)), *report and recommendation adopted*, 2019 WL 4414959 (N.D. Tex. Sept. 15, 2019).  Perishable agricultural commodities are defined as "[f]resh fruits and vegetables of every kind and character."  7 U.S.C. § 499a(b)(4)(A).  In 1984, the statute was modified to "require[e] buyers . . . to hold either the produce or all proceeds or accounts receivable from a subsequent sale of the produce in trust for the benefit of unpaid suppliers until 'full payment of the sums owing in connection with such transactions has been received by' the supplier."  *In re Delta Produce, L.P.*, 845 F.3d 609, 612–13 (5th Cir. 2016) (quoting 7 U.S.C. § 499e(c)(2)).

PACA prohibits any "commission merchant, dealer, or broker" from "fail[ing] or refus[ing] truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had; . . . or to fail to maintain the trust as required under section 499e(c) of this title."  7 U.S.C. § 499b(4).  "Dealers" are defined as "any person engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity in interstate or foreign commerce."  *Id.* § 499a(b)(6).  Any commission merchant, dealer, or broker who violates 7 U.S.C. § 499b is "liable to the person or

persons injured thereby for the full amount of damages." *Id.* § 499e(a). Liability is enforced either by a complaint to the Secretary of the USDA or by a lawsuit. *Id.* § 499e(b).

"[T]o recover under PACA, Plaintiff must establish that it is a trust beneficiary, and that a PACA trust was formed." *Paisano Cap.*, 2019 WL 3239152, at *4. There are five elements to a PACA trust:

> (1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer, or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser within the time provided by law.

*Id.* (citing 7 U.S.C. § 499e). Plaintiff asserts that it provided J.R. Produce with perishable agricultural commodities, namely mixed fresh fruits and vegetables. Compl. ¶¶ 9–10; Mot. 6. Plaintiff asserts that J.R. Produce was acting as a dealer when it purchased the commodities. Compl. ¶ 5; Mot. 4, 6. Plaintiff asserts that the transactions that took place occurred in interstate commerce. Compl. ¶ 9. Plaintiff asserts that J.R. Produce has failed to pay for the commodities it received. Compl. ¶¶ 12, 14; Mot. 6. Plaintiff confirmed that its invoices to J.R. Produce contained the required statutory language. Compl. ¶¶ 15, 21; *see also* 7 U.S.C. § 499e(c)(4) (containing the statutory language).

Plaintiff also included in its complaint a copy of the order from the Secretary of the USDA. Such an order "shall be prima-facie evidence of the facts therein stated." 7 U.S.C. § 499g(b). The Secretary concluded that J.R. Produce was "licensed or was subject to license under the PACA at the time of the transaction or transactions involved in this proceeding." Compl. Ex. 3, at 2. The Secretary concluded that J.R. Produce violated section 2 of PACA. *Id.*

Taking all of Plaintiff's well-pleaded allegations as true, the Court concludes that Plaintiff has alleged enough facts to support its claim under PACA against J.R. Produce.

2. <u>The Individual Defendants</u>

Plaintiff asserts that the individual Defendants can be held "personally liable to the trust beneficiaries for breach of fiduciary duty." Mot. 5.

A "buyer, as trustee, has a fiduciary duty under law to maintain the trust assets at sufficient levels to ensure full payment to sellers, who are the trust beneficiaries." *Hardie's Fruit & Vegetable Co., LP v. BIMC, LP*, No. 3:18-CV-1454-D, 2018 WL 3302733, at *2 (N.D. Tex. July 5, 2018). "PACA liability attaches first to the licensed commission merchant, dealer, or broker of perishable agricultural commodities." *Golman-Hayden Co. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 2000). But if "the assets of the licensed commission merchant, dealer, or broker are insufficient to satisfy the PACA liability, then others may be held secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust." *Id.* The Fifth Circuit concluded that "individual shareholders, officers, or directors of a corporation who are in a position to control trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under PACA." *Id.* A lack of sufficient assets can be shown through acts "includ[ing] the failure to timely pay an invoice." *Ideal Sales, Inc. v. Taylor Farms Tex., Inc.*, No. 3:06-CV-1512-G, 2007 WL 1599143, at *3 (N.D. Tex. June 4, 2007). And "the fact that director liability is secondary does not preclude an injured party from seeking relief from officers and directors in the same action in which it seeks to establish primary liability for the corporation." *Id.*

Plaintiff has established that the individual Defendants were "owners, members, officers, directors, and/or at least 10% shareholders of" J.R. Produce. Compl. ¶ 6; Mot. 6. Plaintiff also included evidence that the individual Defendants were or are principals of J.R. Produce. Compl. Ex. 1, at 1, ECF No. 1. Plaintiff asserts that they are or were "persons in control of, and responsible for, the day-to-day operations of" J.R. Produce and the disposition of its assets. Mot. 6–7. Plaintiff

9

states that the individual Defendants had a "continuing statutory fiduciary duty to Plaintiff" and violated that duty by "direct[ing] the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff." *Id.* ¶¶ 7, 31.

Plaintiff's allegation that J.R. Produce failed to timely pay the amount owed to Plaintiff demonstrates a lack of assets to satisfy its liability. Plaintiff has also sufficiently alleged that the individual Defendants breached their fiduciary duty to maintain a PACA trust. Lastly, Plaintiff has preserved its trust rights under PACA. Therefore, Daniel Enriquez Hernandez and Marcos Enriquez Hernandez can be held personally liable for the full amount of damages. *See Golman-Hayden Co.*, 217 F.3d at 351–52.

### D. Entitlement to Damages

No hearing on damages is needed, since the amount of damages claimed is capable of mathematical calculation. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) ("[I]n the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing. That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." (footnote omitted)). Plaintiff requests $46,780.00 as owed under its invoices, as well as accrued interest of $9,911.54. Mot. 8. Plaintiff also requests leave to file a motion for attorney's fees after judgment is granted. *Id.*

1. Principal Amount

A commission merchant, dealer, or broker who violates PACA "shall be liable to the person or persons injured thereby for the full amount of damages . . . sustained in consequence of such violation." 7 U.S.C. § 499e(a). "Courts have found that copies of contracts, invoices, purchase orders, emails with payment details, and statements of anticipated costs, together with

10

computations and affidavits, are a sufficient evidentiary basis for damages." *Paisano Cap.*, 2019 WL 3239152, at *4 (citing cases).

In its complaint, Plaintiff alleged that J.R. Produce owed it $46,980.00 and provided an invoice reflecting this amount. Compl. ¶ 12; Compl. Ex. 2, at 1, ECF No. 1. In its motion for default judgment, Plaintiff only asks for $46,780.00. Mot. 8. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Plaintiff's requested relief is not different in kind from its requested relief in its complaint, and Plaintiff is asking for less money than was demanded in its complaint. Therefore, Plaintiff's request for $46,780.00, rather than the $46,980.00 mentioned in the complaint, is not improper.

Plaintiff has provided a declaration from Theresa Bauman, the director of operations for Plaintiff, stating that J.R. Produce owes Plaintiff $46,780.00. Decl. Theresa Baumann Pursuant 28 U.S.C. § 1746 Supp. Pl.'s Mot. Default J. ¶ 4 [hereinafter Baumann Decl.], ECF No. 21. Plaintiff also attached invoices from Plaintiff to J.R. Produce showing that the total amount owed to Plaintiff is $46,780.00. *See* Baumann Decl. Ex. 3a, ECF No. 21-2; Baumann Decl. Ex. 4a, ECF No. 21-2; Baumann Decl. Ex. 5a, ECF No. 21-2.

Based on Plaintiff's complaint, motion for default judgment, and attached evidence, it has shown that it is entitled to recover $46,780.00 in damages based on Defendants' failure to pay it for perishable agricultural commodities received.

2. Pre-Judgment Interest

Plaintiff seeks pre-judgment interest from the date of sale through November 30, 2024. Mot. 8. It has calculated this interest as a total of $9,911.54. *Id.* Plaintiff asserts that an interest rate of 1.5% per month, equal to 18% per year, was a term and condition of its sales contract with J.R. Produce. Mot. 7.

"PACA itself does not expressly provide for the award of prejudgment interest. A district court 'has broad discretion to award discretionary prejudgment interest to PACA claimants under 7 U.S.C. § 499e(c)(2).'" *Baker Packing Co. v. Produce Fresh, Inc.*, No. SA-10-CV-663-XR, 2011 WL 1327627, at *3 (W.D. Tex. Apr. 6, 2011) (quoting *Middle Mountain Land and Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1226 (9th Cir. 2002)). "Courts 'have relied upon the language in 7 U.S.C. § 499e(c)(2) to allow a PACA claimant to recover . . . prejudgment interest' if provided for by contract." *Sunterra Distrib.*, 2019 WL 4418320, at *9 (quoting *Eagle Eye Distrib., Inc. v. Ben Parker, Inc.*, No. 3:09-CV-0095-L, 2009 WL 4251105, at *7 (N.D. Tex. Nov. 25, 2009)). "Courts often look to invoices when fixing prejudgment interest." *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, L.L.C.*, 779 F.3d 345, 351 (5th Cir. 2015).

Here, Plaintiff has provided copies of the invoices, which state that there is an interest rate of 1.5% each month until payment is collected. Baumann Decl. Ex. 3a, at 1; Baumann Decl. Ex. 4a, at 1; Baumann Decl. Ex. 5a, at 1. Additionally, the Secretary's order granted Plaintiff pre-judgment interest at the rate of 18% per year. Compl. Ex. 3, at 3–4. And Plaintiff requested that accrued interest at the rate specified in the order be paid in its complaint. Compl. ¶ 46. Therefore, the Court concludes that Plaintiff is due the $9,911.54 in pre-judgment interest that it requests.

3. <u>Post-Judgment Interest</u>

Plaintiff also requests post-judgment interest. Mot. 1, 8. The Court concludes that Plaintiff is entitled to post-judgment interest as calculated in 28 U.S.C. § 1961.

4. <u>Attorney's Fees</u>

Plaintiff states that it plans to file a motion for attorney fees and costs after the judgment is issued. *Id.* at 3. A petitioner who prevails on a suit against a defendant for failure to comply with an order of the Secretary of the USDA "shall be allowed a reasonable attorney's fee." 7 U.S.C.

§ 499g(b). As discussed above, Plaintiff has stated that this action stems from J.R. Produce's failure to comply with an order from the Secretary. Compl. ¶ 46; Mot. 4–5. Plaintiff also provided a copy of the order. *See* Compl. Ex. 3. Accordingly, the Court concludes that Plaintiff has shown that it is entitled to recover reasonable attorney's fees.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff C.H. Robinson Company, Inc.'s Motion for Default Judgment Against All Defendants with Incorporated Memorandum in Support (ECF No. 20) be **GRANTED**. The Court **FURTHER RECOMMENDS** that Defendants J.R. Produce and Food Service, Inc.; Daniel Enriquez Hernandez; and Marcos Enriquez Hernandez be held jointly and severally liable and be required to pay Plaintiff $46,780.00 in damages; $9,911.54 in pre-judgment interest; attorneys' fees; and post-judgment interest at the legal rate prescribed by 28 U.S.C. § 1961.

**SIGNED** this 24th day of June, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**