IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| C.H. ROBINSON COMPANY, INC., § § *Plaintiff*, § § v. § § EP-24-CV-00245-KC § J.R. PRODUCE AND FOOD SERVICE, § INC.; DANIEL ENRIQUEZ § HERNANDEZ; and MARCOS § ENRIQUEZ HERNANDEZ, § § *Defendants*. § | |

REPORT AND RECOMMENDATION

Before the Court is Plaintiff C.H. Robinson Company, Inc.'s "Motion for Attorney Fees and Costs with Incorporated Memorandum in Support" ("Motion") (ECF No. 24), filed on July 21, 2025. United States District Judge Kathleen Cardone referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of Appendix C to the Local Rules of the Western District of Texas. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's motion be **GRANTED in part** and **DENIED in part**.

I.   BACKGROUND

Plaintiff "is engaged in the business of selling wholesale quantities of fresh fruits and vegetables." Compl. ¶ 4, ECF No. 1. From August 2023 through October 2023, Plaintiff sold commodities consisting of mixed fruits and vegetables to Defendant J.R. Produce and Food Service, Inc. *Id.* ¶ 9. Defendant J.R. Produce accepted the commodities but failed to pay for them.

*Id.* ¶¶ 11, 14. Daniel Enriquez Hernandez and Marcos Enriquez Hernandez are "owners, members, officers, directors, and/or at least 10% shareholders of J.R. Produce." *Id.* ¶ 6.

Plaintiff filed a complaint with the United States Department of Agriculture in order to obtain payment from J.R. Produce. *Id.* ¶ 41. The Secretary of Agriculture issued an order granting Plaintiff $46,980.00 plus interest. *Id.* ¶ 42; *see also* Compl. Ex. 3, ECF No. 1 (a copy of the order from the Secretary). J.R. Produce was required to repay Plaintiff within 30 days of April 30, 2024, the date that the order was issued. Compl. Ex. 3, at 4. It failed to do so. Compl. ¶ 43. The Perishable Agricultural Commodities Act ("PACA") allows "the complainant, or any person for whose benefit [a reparations] order was made" to file suit in a district court of the United States to enforce a reparations order within three years of the date of the order. 7 U.S.C. § 499g(b). Plaintiff filed suit to enforce its order on July 16, 2024. *See* Compl.

All Defendants were served, and they failed to file answers to the complaint. Plaintiff filed a motion for default judgment. *See* Pl.'s Mot. Default J. Against All Defs. Incorporated Mem. Supp., ECF No. 20. This Court issued a report and recommendation, recommending that Plaintiff's motion be granted. *See* R. & R., ECF No. 22. The District Court issued an order adopting the report and recommendation. *See* Order Adopting R. & R. of Magistrate Judge, ECF No. 23. In the order, the District Court stated that "Plaintiff C.H. Robinson Company, Inc. is entitled to an award of reasonable attorney's fees." *Id.* at 3. Plaintiff then filed this motion for attorney's fees. *See* Mot., ECF No. 24.

## II.     STANDARD

PACA prohibits any "commission merchant, dealer, or broker" from "fail[ing] or refus[ing] truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had" and from "fail[ing] to maintain

2

the trust as required under section 499e(c) of this title." 7 U.S.C. § 499b(4). Any commission merchant, dealer, or broker who violates 7 U.S.C. § 499b is "liable to the person or persons injured thereby for the full amount of damages." *Id.* § 499e(a). Liability is enforced either by a complaint to the Secretary of Agriculture or by a lawsuit. *Id.* § 499e(b). If a party makes a complaint to the Secretary of Agriculture, the Secretary "shall . . . determine the amount of damage, if any, to which such person is entitled . . . and shall make an order directing the offender to pay to such person complaining such amount . . . ." *Id.* § 499g(a). If the party ordered to pay fails to do so within the time specified in the order, the complainant may file suit in United States district court to enforce the order. *Id.* § 499g(b). "If the petitioner finally prevails, he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit." *Id.* Additionally, "the petitioner shall not be liable for costs in the district court." *Id.*

"Courts must apply a two-step method for determining a reasonable fee award." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017). "First, they calculate the lodestar, 'which is equal to the numbers of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.'" *Id.* (citation omitted). "[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnote omitted). The reasonable hourly rate is based on the "prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community." *Riddle v. Tex-Fin, Inc.*, No. H–08–3121, 2011 WL 1103033, at *6 (S.D. Tex. Mar. 22, 2011) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)).

"Second, the court should consider whether to decrease or enhance the lodestar based on the *Johnson* factors." *Portillo*, 872 F.3d at 741. These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). "There is a strong presumption that the lodestar is the reasonable fee, and the fee applicant bears the burden of showing that such an adjustment is *necessary* to the determination of a reasonable fee." *Walker v. U.S. Dep't of Hous. And Urb. Dev.*, 99 F.3d 761, 771 (5th Cir. 1996) (cleaned up).

### III. DISCUSSION

**A. Whether Plaintiff Should be Awarded Attorney's Fees**

***1. Plaintiff is a Prevailing Party***

As mentioned above, a plaintiff is entitled to "a reasonable attorney's fee" if he "finally prevails" in the suit. 7 U.S.C. § 499g(b). "Before deciding whether an award of attorney's fees is appropriate in a given case, . . . a court must determine whether the party seeking fees has prevailed in the litigation." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016). "Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner." *Id.* A plaintiff becomes a prevailing party when it has secured an enforceable judgment on the merits. *Id.* In this case, Plaintiff has secured an enforceable judgment from the District Court against all Defendants. *See* Order Adopting R. & R. Magistrate Judge, ECF No. 23. Thus, Plaintiff is a prevailing party and is entitled to a reasonable attorney's fee under 7 U.S.C. § 499g(b).

4

### 2. Contractual Right to Attorney's Fees

Plaintiff also asserts that it has a contractual right to attorney's fees. Mot. 3. Under PACA, perishable agricultural commodities must be held in trust "for the benefit of all unpaid suppliers or sellers of such commodities . . ., until full payment of the sums owing in connection with such transactions has been received . . . ." 7 U.S.C. § 499e(c)(2). The Fifth Circuit has interpreted this language to mean that attorney's fees are "sums owing in connection with" these transactions, if attorney's fees are included as part of the contract between the buyers and sellers. *See Iscavo Avocados USA, L.L.C. v. Pryor*, 953 F.3d 316, 319–20 (5th Cir. 2020) ("Attorneys' fees a seller incurs in seeking to collect on an unpaid invoice are necessarily incurred in connection with the transaction memorialized by the invoice. And when the seller agrees to pay those fees in the same invoice, the fees are 'owed in connection with' the transaction."). Plaintiff included language in its invoices stating that Defendants agreed to pay "any attorney's fees incurred necessary to collect payment. Interest and attorney's fees necessary to collect payment are sums owing in connection with the transaction." Mot. 3; *see also* Theresa Baumann Decl. Pursuant 28 U.S.C. § 1746 Supp. Pl.'s Mot. Default J. Exs. 3a, 4a, 5a, ECF No. 21-2. Therefore, Plaintiff has a contractual right to attorney's fees as well.

### B. Calculation of Attorney's Fee

Plaintiff seeks $20,145.00 in attorney's fees, based on 51 hours of work at $395.00 per hour. Mot. 6. Plaintiff's attorney attached invoices of hours worked per month on the case. Decl. Pl.'s Counsel Supp. Mot. Att'y Fees & Costs 6–17 [hereinafter Decl.], ECF No. 24-1. The Court has reviewed the hours worked and concludes that there do not appear to be unproductive, excessive, or redundant tasks. Plaintiff's counsel explains that in this case, "[m]ore time than usual was expended serving the defendants with the Summons and the Complaint since the Defendants

were transient between their business . . . and their two (2) residences," which required the preparation of a motion for an extension of time to serve Defendants. Mot. 7. Thus, the Court concludes that 51 hours of work is reasonable.

Next, the Court turns to the calculation of a reasonable hourly rate for Plaintiff's counsel, Mark Amendola. Mr. Amendola asserts that his normal hourly rate is $395 per hour. Decl. 2. He has over 35 years of litigation practice experience. Mot. 7. He points to a recent case from the Northern District of Texas, *Mirasoles Produce USA, LLC v. Sanchez Farms*, No. 3:22-cv-1240-E, 2024 WL 3626708 (N.D. Tex. July 16, 2024), where he was awarded an hourly rate of $395.00 per hour. *Id.* at *3–4. In another recent case, *Mirasoles Produce USA, LLC v. Mena Produce, LLC*, No. 7:24-CV-0251, 2025 WL 1634080 (S.D. Tex. May 12, 2025), Mr. Amendola was awarded an hourly rate of $375.00 per hour. *Id.* at *4. In a different PACA case, a court concluded that a rate of $350.00 per hour for an attorney with only 16 years of experience was reasonable. *Paisano Cap. SA de CV v. Velazquez*, No. 7:19-CV-78, 2020 WL 1890702, at *5 (S.D. Tex. Apr. 16, 2020). Therefore, the Court concludes that Mr. Amendola's rate of $395.00 per hour is reasonable, based on the hourly rates awarded in these cases for similar services by either Mr. Amendola himself or less experienced lawyers in the state of Texas.

The *Johnson* factors do not require an adjustment of the lodestar amount. All of the *Johnson* factors were either already considered in calculating the lodestar amount or would not require an adjustment of the fee. Therefore, the Court recommends awarding Plaintiff $20,145.00 in attorney's fees.

C. Costs

Lastly, Plaintiff asks for costs in the amount of $1,139.00. Mot. 6. This amount reflects the costs of a process server ($115), the filing fee ($405), and admission to the Western District of

Texas ($360), as well as the costs of recordings ($45), certification ($15), photocopies ($45.50), postage ($15.09), FedEx ($100.31), and PACER ($38.10). Decl. 4. Mr. Amendola's declaration provides support for this itemization of costs. *Id.* at 2.

Under 7 U.S.C. § 499g(b), "the petitioner shall not be liable for costs in the district court." The Supreme Court has stated that 28 U.S.C. §§ 1821 and 1920 "define what the term 'costs' encompasses in the subject-specific federal statutes that provide for an award of costs." *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 339 (2019). They "create a default rule and establish a clear baseline against which Congress may legislate." *Id.* As a result, when a federal statute refers simply to "costs," "federal courts are limited to awarding the costs specified in §§ 1821 and 1920." *Id.* Section 1920 allows for the recovery of:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Costs for private process servers are not recoverable under 28 U.S.C. § 1920. *Zastrow v. Hous. Auto M. Imps. Greenway, Ltd.* 695 F. App'x 774, 780 (5th Cir. 2017). Postage and FedEx charges are also not recoverable under § 1920. *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Cap., Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997); *Smith W. Tex. Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, 555 F. Supp. 3d 342, 348–49 (W.D. Tex. 2021). The Fifth Circuit

7

"has not determined whether PACER fees are recoverable under Rule 54(d) and § 1920," but has stated that the record must reveal "on what basis the PACER charges were incurred." *Zastrow*, 695 F. App'x at 780. Since it is unclear what the PACER charges here were for, the Court recommends denying them.[1] Therefore, the Court recommends granting Plaintiff $870.50 in costs.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff C.H. Robinson Company, Inc.'s Motion for Attorney Fees and Costs with Incorporated Memorandum in Support (ECF No. 24) be **GRANTED in part** and **DENIED in part**. The Court **FURTHER RECOMMENDS** that Defendants J.R. Produce and Food Service, Inc.; Daniel Enriquez Hernandez; and Marcos Enriquez Hernandez be required to pay Plaintiff $20,145.00 in attorney's fees and $870.50 in costs.

**SIGNED** this 22nd day of August, 2025.

_____
ROBERT F. CASTAÑEDA
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

---

[1] Plaintiff's motion suggests that the charge might be for "computerized docket research," Mot. 7, which is not recoverable under 28 U.S.C. § 1920, *Smith W. Tex. Props., Ltd.*, 555 F. Supp. 3d at 349.